17 F.3d 1442
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Papa R. HERNANDEZ, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3218.
 United States Court of Appeals, Federal Circuit.
 Jan. 7, 1994.
 
 Before RICH, NEWMAN, and PLAGER, Circuit Judges.
 
 PER CURIAM
 DECISION
 
 1
 Papa R. Hernandez (Hernandez) petitions for review of the January 29, 1993, decision of the Merit Systems Protection Board (MSPB), No. SE0831930013I1, that affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying Hernandez's claim of entitlement to a deferred civil service retirement annuity under the Civil Service Retirement Act (CSRA). The decision of the Administrative Judge (AJ) became a final decision of the Board on March 5, 1993. We affirm.
 
 DISCUSSION
 
 2
 Hernandez applied for deferred retirement under the Civil Service Retirement System (CSRA) 5 U.S.C. Sec. 8300 et seq. To be eligible for an annuity, Hernandez bears the burden of proving five years of creditable service following any period of covered service. The record shows that Hernandez performed a total of 4 years, 10 months, and 14 days of creditable service through various intermittent jobs in the Philippines. The record further shows that Hernandez was not employed in any position covered by the CSRA. Therefore, the AJ was correct in finding that Hernandez failed to meet his burden to establish that he met the minimum statutory requirements to entitle him to a civil service retirement annuity.
 
 
 3
 Hernandez now asserts that he completed creditable military service as an old Philippine Scout. However, Hernandez has not provided either this Court[1] or the OPM with any documentation or evidence to support his contention. Hernandez merely states that he has "more than five years of service as an old PS-AUS during peacetime service." "I have no claim for federal employment but I have served more than 5 years with the PS-AUS before the WWII, and might be considered for federal employment." Having failed to prove on the record before the OPM and MSPB, among other things, that he had accumulated the requisite five years of creditable federal service, there is no basis upon which Hernandez can claim civil service annuity benefits.
 
 
 4
 On appeal, we must affirm the Board's decision unless it is arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). In Hernandez's informal brief, he indicated that the MSPB did not fail to take into account any facts, nor did it apply the wrong law.
 
 
 5
 For all the foregoing reasons, we find nothing in the present record that warrants reversal.
 
 
 
 [1]
 Mr. Hernandez did not raise this claim before the MSPB or the OPM, therefore, it need not be considered by this Court. See Lizut v. Department of Army, 717 F.2d 1391, 1396 (Fed.Cir.1983)